For complainants: Edwards & Angell.

For respondents: Knauer & Fowler.

Margaret C. Hughes
vs.
United Electric
Railways Company

No. 78392.

May 27, 1931.

O'CONNELL, J. This is an action of trespass on the case for negligence to recover damages for injuries sustained by the plaintiff while a passenger on a motor bus, operated by the Providence-Worcester Coach Lines. Inc.. which collided with an electric car operated by the defendant's motor-

man, at a point on Branch avenue, a public highway in the City of Providence, near the intersection of said Branch avenue and Smithfield avenue, another public highway in said City of Providence. The accident happened at about 6:30 P. M. on November 7, 1926.

The case was heard before a justice of the Superior Court and a jury on April 20, 21, 22, 23 and 24, 1931, and resulted in a verdict for the plaintiff in the sum of six thousand three hundred dollars ($6300). On April 28, 1931, the defendant filed its motion for a new trial on the following grounds:

1. That said verdict is contrary to the evidence and the weight thereof.

2. That said verdict is contrary to the law.

3. That the amount of damages awarded by said verdict is excessive.

4. That said defendant has discovered new and material evidence in said case which it had not discovered at the time of the trial thereof, and which it could not with reasonable diligence have discovered at any time previous to the trial of said case, as by affidavits to be filed in Court will be fully set forth, said affidavits being made a part of this motion.

At the hearing on the motion for a new trial, held on May 16, 1931, the fourth ground was not pressed and arguments were based upon the first three grounds only.

The plaintiff's injuries were received as a result of the same collision involved and referred to in the case of *Arthur R. Rohl* vs. *United Electric Railways Company,* reported in 50 R. I. 478, in which case the Supreme Court held the motorman to be not guilty of negligence. This Court has not been prejudiced by that opinion, because the testimony as to the speed of the bus and the electric car, are not so clear and undisputed in the instant case as in the Rohl case. The evidence on both these points is conflicting, so this Court can not base its decision upon the differing facts in the Rohl case. But is does reach the same conclusion, upon the testimony and the facts in the instant case.

This Court is strongly of the opinion that the operator of the bus was guilty of negligence, without which negligence the plaintiff would not have suffered the injury and damages complained of, and that this negligence was the proximate cause of the collision. The Court also believes that no concurring negligence on the part of the motorman was established by a fair preponderance of the credible testimony.

As in the Rohl case, cited above, the plaintiff contends that the motorman was negligent in waiting too long before bringing his car to a stop. There was nothing to prevent the driver of the bus from seasonably turning to his right; there was nothing between him and the electric car to obstruct his vision. The car was seen clearly by several passengers on the bus, and should have been and could have been seen by the bus operator. His conduct under the circumstances appears wholly inexcusable and highly negligent.

The electric car could proceed only on the tracks and, as said in the Rohl case by the Supreme Court of this state: "the motorman had the right to assume that the bus would seasonably leave the tracks and go to the side of the street where it could pass in safety and it was only when it became apparent that there was danger that the bus would not turn out that there was any call for action on the part of the motorman."

This Court is of the opinion that, upon the whole testimony, it clearly appears that the motorman did all that he was reasonably called upon to do under the circumstances, within the rules of law laid down to establish his duty.

The Court was very favorably impressed by the plaintiff and believes

that she has not unduly magnified the nature and severity of her injuries, which were undoubtedly of a serious nature. If she is entitled to recover at all, the Court does not believe on all the evidence that the amount awarded is excessive, certainly not so grossly excessive as to shock the conscience of the Court.

The defendant's motion for a new trial is granted on the first two grounds and denied as to the third and fourth grounds.

For plaintiff: Greenough, Lyman & Cross.

For defendant: Clifford Whipple, Earl Sweeney.